22846

In the Matter of Claude Pinson HUDSON, Respondent.

(367 S. E. (2d) 16)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Attys. Gen. J. Emory Smith, Jr.* and *James G. Bogle, Jr.*, Columbia, *for complainant.*

*C. Joseph Roof*, Columbia, *for respondent.*

Submitted Feb. 15, 1988.

Decided March 14, 1988.

*Per Curiam:*

In this attorney grievance proceeding, respondent has been charged with misconduct in three (3) matters. Respondent admits the material facts of the allegations against him and consents to disbarment. We accept respondent's admission and disbar him.

### Pavolino Matter

On December 31, 1985, respondent acted as closing attorney for the sale of a piece of property located in Inman, South Carolina. In connection with the closing, respondent received in trust approximately $78,732.12 of which the Pavolinos, as the sellers, were to receive $63,620.11. Respondent issued a check from his office account to the Pavolinos in that amount, but the check was twice returned unpaid due to insufficient funds.

At a Rule to Show Cause hearing at the Supreme Court on March 12, 1986, respondent signed a confession of judgment acknowledging he had not disbursed the funds due to the Pavolinos and acknowledging he was indebted to them in the amount of $63,620.11 plus costs, attorney's fees, and interest. On March 25, 1986, respondent paid the Pavolinos' attorney $67,818.11 as restitution of the money he had misappropriated.

### Smith Matter

In the fall of 1985, Baggett O. Royals agreed to purchase a tract of land from Med-Invest Development Company (Med-

Invest). The 4.99 acre tract was part of a larger parcel which had been purchased by Med-Invest from W. McClure Smith who held a mortgage on the property.

To enable Med-Invest to sell the property, Med-Invest agreed to pay directly to Mr. Smith $31,500.00 plus $15.29 interest per day from November 6, 1985, in consideration for Mr. Smith's releasing the 4.99 acres from the lien. Mr. Smith was represented by respondent.

Prior to the closing, respondent advised Med-Invest's attorney to make the check payable to "Claude P. Hudson, Attorney for W. McClure Smith." On November 12, 1985, respondent delivered a release signed by Mr. Smith and on November 13, 1985, received a check for $31,652.90 in trust for Mr. Smith. Respondent failed to account for the funds or deliver them to Mr. Smith. Respondent's wife subsequently borrowed $33,652.90 which she paid to Mr. Smith as restitution.

## Myers Matter

On May 10, 1983, Elijah Erastus Myers died testate. Lloyd C. Wingo, the primary beneficiary under Mr. Myers' will, was appointed Executor of the estate.

In July 1983, acting on respondent's advice, Mr. Wingo liquidated certain certificates of deposit held by the estate and gave the proceeds of approximately $51,123.41 to respondent for investment. Mr. Wingo made repeated demands upon the respondent to return the money to the estate, but respondent failed to account for the funds or return them to the estate.

On June 24, 1987, respondent signed a confession of judgment acknowledging he was indebted to the Myers Estate in the amount of $75,000.00. Respondent has paid the estate $12,500.00, the net proceeds from the sale of his law office in Greer, South Carolina. Additionally, respondent's wife has paid the estate $50,000.00 on behalf of her husband.

Respondent failed to maintain client's funds in his trust account and misappropriated client's funds to his own personal and/or business use in violation of DR 1-102(A)(3) and (4); commingled personal funds with client's funds in violation of DR 9-102(A); failed to maintain complete records of all client funds in his possession and to render appropriate

accounts to his clients regarding them in violation of DR 9-102(B)(3); failed to promptly pay or deliver to his clients, when requested, funds in his possession which the clients were entitled to receive in violation of DR 9-102(B)(4); engaged in conduct prejudicial to the administration of justice in violation of DR 1-102(A)(5); and engaged in conduct which adversely reflects on his fitness to practice law in violation of DR 1-102(A)(6).

It is ordered that respondent be disbarred from the practice of law in this State. He shall, within ten (10) days of the service of this opinion, surrender his license to practice law in this State to the Clerk of this Court. In addition, respondent shall file an affidavit with the Clerk within fifteen (15) days showing he has fully complied with the provisions of Paragraph 30 of the Rule on Disciplinary Procedure.

Disbarred.